## AVERMENTS AS TO NEGLIGENCE.

Circuit Court of Hamilton County.

THE CINCINNATI TRACTION COMPANY v. AMASA JOHNSON.

Decided, January 4, 1908.

*Pleading—Where it is Claimed Motorman was Aware of Plaintiff's Peril*
*—Negligence—Error—Charge of Court.*

Where there is no averment that the motorman of the car which caused
the injury knew or should have known of the plaintiff's peril, a
charge of court is erroneous which makes the defendant company
liable for the resulting injury, if the jury find from the evidence
that the motorman might have stopped the car after he became
aware, or by the exercise of reasonable care might have become
aware, of the danger to which plaintiff was exposed.

GIFFEN, J.; SWING, P. J., and SMITH, J., concur.

The court charged the jury as follows:

"If you should find that the plaintiff did place himself in a
position of danger through some remote negligence of his own,
and yet notwithstanding this the motorman in charge of the
car became aware of his danger in time to stop the car by using
the means at hand, and failed to do so, then the plaintiff may
recover notwithstanding the negligence of the plaintiff; but it
is for you to say gentlemen whether this exception applies to this
case."

No such negligence was charged in the petition, and hence
the instruction was erroneous and prejudicial. *Drown* v. *Trac-
tion Co.*, 76 O. S.

There is indeed no real negligence stated in such pleading.
The only allegation on that subject is as follows:

"The agents of the defendant in charge of said car carelessly
and negligently turned on the electricity in such quantity that
defendant's car was driven against plaintiff's wagon with such
force that plaintiff was violently thrown from his wagon upon
the curbing of the street."

The defect in the pleading consists in the omission of any aver-
ment that the agents of the defendant in charge of the car knew,
or by the exercise of ordinary care would have known, at the

time the electricity was so turned on, that the plaintiff's wagon was upon or so near the track that it would be struck.

· Judgment reversed and cause remanded for further proceedings according to law.

*Kittredge & Wilby,* for plaintiff in error.

*Charles T. Dumont* and *Coppock & Hertenstein,* contra.